

**FILED**

JUN 1 4 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| SATISFIED FROG, | )<br>) |
| Defendant. | )<br>) |

06CV3243
JUDGE KENDALL
MAGISTRATE NOLAN

**COMPLAINT**
**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Carly Chapman and a class of similarly situated employees who were adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission alleges that Carly Chapman, a female, and a class of similarly situated employees were sexually harassed by the owner and another manager of Defendant Satisfied Frog ("Defendant"). EEOC also alleges that Defendant retaliated against Carly Chapman by firing her when she complained about the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII").

2. The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Satisfied Frog has continuously been a corporation doing business in the State of Illinois and the City of Warrenville and has continuously had at least 15 employees.

5. At all relevant times, Defendant Satisfied Frog has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Carly Chapman filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2002, Defendant has engaged in unlawful employment practices at its facility in Warrenville, Illinois, in continuing violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§2000e-2(a)(1) and 2000e-3(a). These unlawful employment practices include, but are not limited to, the following:

    (a) sexually harassing Carly Chapman and a class of similarly situated employees; and

    (b) retaliating against Chapmen by firing her because she complained of sexual

harassment.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Carly Chapman of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex and because she complained of sexual harassment.

9. The effect of the practices complained of in paragraph 7 above has been to deprive a class of similarly situated employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

10. The unlawful employment practices complained of in paragraph 7 above were and are intentional.

11. The unlawful employment practices complained of in paragraph 7 above were and are done with malice or with reckless indifference to the federally protected rights of Carly Chapman and a class of similarly situated employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and retaliating against employees who exercise their rights under Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of their sex and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Carly Chapman by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant to make whole Carly Chapman and a class of similarly situated employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

E.    Order Defendant to make whole Carly Chapman and a class of similarly situated employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendant to pay Carly Chapman and a class of similarly situated employees punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                        Respectfully submitted,

                        James Lee
                        Deputy General Counsel

                        Gwendolyn Young Reams
                        Associate General Counsel

                        EQUAL EMPLOYMENT OPPORTUNITY
                                COMMISSION
                        1801 "L" Street, N.W.
                        Washington, D.C. 20507

                        */s/ John C. Hendrickson*
                        John C. Hendrickson
                        Regional Attorney

                        */s/ Diane I. Smason*
                        Diane I. Smason
                        Supervisory Trial Attorney

                        */s/ Jeanne B. Szromba*
                        Jeanne B. Szromba
                        Trial Attorney

                        EQUAL EMPLOYMENT OPPORTUNITY
                                COMMISSION
                        Chicago District Office
                        500 West Madison Street
                        Suite 2800
                        Chicago, IL 60661
                        (312) 353-7546